IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD BRADFISCH, individually<br>and on behalf of all other similarly situated,<br><br>**Plaintiffs**,<br><br>vs.<br><br>TEMPLETON FUNDS, INC., and<br>TEMPLETON GLOBAL ADVISORS, LTD.,<br><br>**Defendants.** | Case No. 05-cv-0298-MJR<br>(7th Cir. Case # 05-3390) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Originally filed in Illinois state court, this class action suit was removed here by Defendants in November 2003 and remanded by the undersigned District Judge in January 2004. Defendants did *not* appeal the remand Order to the United States Court of Appeals for the Seventh Circuit.

Fifteen months post-remand, Defendants re-removed the case to this United States District Court, based on the Seventh Circuit's April 2005 opinion in a separate but factually similar suit against a mutual fund – ***Kircher v. Putnam Funds Trust,* 403 F.3d 478 (7th Cir. 2005).** Defendants argued that ***Kircher*** holding constituted a "pleading, motion, order or other paper" from which it could first be ascertained that this case was removable under **28 U.S.C. § 1446(b)**.

The undersigned Judge rejected that theory, finding that the "other pleading or paper" provision did not apply to this case. But, based on the Seventh Circuit's holding in ***Kircher***, the undersigned Judge found that a second ground for removal did exist – the removal provision of the Securities Litigation Uniform Standards Act ("SLUSA"), **15 U.S.C. § 77p(c)**.

So, on July 12, 2005, this Court explained (Doc. 24, p. 5):

> ***Kircher*** instructs that lawsuits based on allegations such as those in Plaintiffs' complaint herein ... fall within SLUSA's reach. Accordingly, this action could be removed under 15 U.S.C. § 77p(c). Furthermore, ***Kircher*** mandates that this Court dismiss all of Plaintiffs' state law claims as barred by SLUSA. *See* **15 U.S.C. § 77-(b)(quoted above);** ***Kircher*****, 403 F.3d at 480, 484 (SLUSA effectively "blocks" litigation of such claims).**

So, constrained by the Seventh Circuit's holding in ***Kircher***, the undersigned Judge concluded that re-removal was proper and then dismissed this case with prejudice. Judgment was entered accordingly on July 12, 2005 (Doc. 25).

Plaintiffs appealed to the Seventh Circuit. The appeal was docketed as *Appeal # 05-3390.* The Seventh Circuit affirmed this Court's decision in favor of Defendants by mandate issued June 23, 2006 (Doc. 31).

Meanwhile, the United States Supreme Court had granted certiorari in ***Kircher***. Ultimately, in ***Kircher v. Putnam Funds*, 126 S. Ct. 2145, 2155-56 (2006**), the Supreme Court reversed the Seventh Circuit.

In the wake of the Supreme Court's ***Kircher*** opinion, on October 16, 2006, the Seventh Circuit ruled that a batch of pending appeals (all in market-timing cases) "must be remanded to state court." The Seventh Circuit divided the appeals into three groups for analysis of the impact of the Supreme Court's June 2006 ***Kircher*** decision. The above-captioned action was listed in the so-called "Potter" group discussed in the October 16th decision. As to that set of cases, the Seventh Circuit noted: "Each of these cases ... must return to the state court in which it was filed, just as *Kircher III* concluded." ***In re Mutual Fund Market-Timing Litigation*, – F.3d –, 2006 WL 2935316, \*2 (7th Cir. Oct. 16, 2006, revised Oct. 23, 2006).**

One week later, however, the Seventh Circuit issued an Order *amending* the October 16th opinion. The amendment <u>deleted</u> the above-captioned case (*Bradfisch*, *Appeal # 05-3390*). Causing confusion, however, was the inclusion of the caption and appellate case number for this case three weeks later, when the Seventh Circuit issued the mandate. That mandate was issued on November 14, 2006 and docketed in this Court on November 17, 2006.

The most likely explanation is that the inclusion of this case on the caption of the mandate was simply a typographical or clerical error. If the parties believe any further action needs to be taken herein, based on the November 14, 2006 mandate in ***In re Mutual Fund Market-Timing Litigation***, they should file a "Memorandum Re: Effect of November 2006 Mandate" (no longer than five pages) delineating their position by <u>December 12, 2006</u>.

IT IS SO ORDERED.

DATED this 21st day of November 2006.

<u>s/ Michael J. Reagan</u><br>
MICHAEL J. REAGAN<br>
United States District Judge